# EXHIBIT A



| | |
|---|---|
| | **KSB / ALL**<br>**Transmittal Number: 24234031**<br>**Date Processed: 12/21/2021** |

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | David G Lerner<br>BMC Stock Holdings, Inc.<br>4800 Falls of Neuse Rd<br>Ste 400<br>Raleigh, NC 27609-8142 |
| **Electronic copy provided to:** | Kelly Allen<br>Pooja Vasudev<br>Maggie Trembath<br>Grant Carson<br>Deryl Ward<br>Myrna Liggett<br>Nicole Alexander |
| **Entity:** | BMC West, LLC<br>Entity ID Number  0112084 |
| **Entity Served:** | BMC West, LLC |
| **Title of Action:** | Amanda Luikens vs. BMC West, LLC |
| **Matter Name/ID:** | Amanda Luikens vs. BMC West, LLC (11848586) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Lewis and Clark County District Court  , MT |
| **Case/Reference No:** | BOV 2021-1251 |
| **Jurisdiction Served:** | Montana |
| **Date Served on CSC:** | 12/20/2021 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Passamani & LeTang, PLLC<br>406-422-4522 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

NICK LETANG
PASSAMANI & LETANG, PLLC
Physical: 40 West 14th Street, Helena, MT 59601
Mail: P.O. Box 1778, Helena, MT 59624
(406) 422-4522
nick@plmontana.com
Bar #: 54057898
*Attorney for Plaintiff*

# MONTANA FIRST JUDICIAL DISTRICT COURT
## LEWIS AND CLARK COUNTY

| | |
|---|---|
| AMANDA LUIKENS, | Cause No. BDV 2021-1251 |
| Plaintiff, | |
| v. | Judge MICHAEL F MCMAHON ~~PRESIDING JUDGE~~ |
| BMC West, LLC, | SUMMONS |
| Defendant. | |

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:**
BMC West, LLC

**YOU, THE DEFENDANT, ARE HEREBY SUMMONED** to answer the Complaint in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the Complaint.

GIVEN under my hand this __15__ day of __December__, 2021 at the hour of __4:00__ o'clock, __p__.m.

ANGIE SPARKS
CLERK OF COURT

By: __MARY M GOYINS__

NICK LETANG
PASSAMANI & LETANG, PLLC
Physical: 40 West 14th Street, Helena, MT 59601
Mail: P.O. Box 1778, Helena, MT 59624
(406) 422-4522
nick@plmontana.com
Bar #: 54057898
*Attorney for Plaintiff*



FILED
DEC 15 2021
ANGIE SPARKS, Clerk of District Court
By MARY M GOYINS Deputy Clerk

## MONTANA FIRST JUDICIAL DISTRICT COURT
## LEWIS AND CLARK COUNTY

| | |
|---|---|
| AMANDA LUIKENS, | Cause No. BDV 2021-1251 |
| Plaintiff, | |
| v. | Judge  MICHAEL F MCMAHON  ~~PRESIDING JUDGE~~ |
| BMC West, LLC, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMES NOW, Amanda Luikens ("Plaintiff") by and through her undersigned attorney, respectfully alleges as follows:

### JURISDICTION

1. BMC West, LLC ("Defendant"), a Delaware LLC, is registered to conduct business in Montana.

2. Defendant has real property holdings in Lewis and Clark County, where it operates a construction business.

3. Defendant hired Plaintiff as an employee in Lewis and Clark County, Montana.

4. The wrongful conduct, alleged herein, occurred in Lewis and Clark County, Montana.

5. Montana courts have specific jurisdiction over Defendant.

6. Venue is proper in Lewis and Clark County, Montana.

## ALLEGED FACTS

7. Defendant hired Plaintiff around May of 2016.

8. Plaintiff was an employee at Defendant's Helena, MT location, where she worked multiple positions during her tenure with Defendant and acted as a safety coordinator.

9. After beginning her job with Defendant, Plaintiff worked under Levi Kirtley who was the head of Defendant's truss operation in Helena, Montana.

10. Plaintiff and Mr. Kirtley quietly maintained a romantic relationship.

11. Around August 2020, Plaintiff was moved from Defendant's truss operation to its insulation department.

12. TJ Redfern acted as Plaintiff's direct supervisor at the insulation department.

13. After she began working under Mr. Redfern, Mr. Redfern began to exhibit unprofessional behavior, including repeatedly asking Plaintiff about her personal relationship with Mr. Kirtley.

14. After Plaintiff and Mr. Kirtley ended their relationship, Mr. Redfern became increasingly hostile to Plaintiff. Mr. Redfern repeatedly shouted and cussed at Plaintiff in front of her coworkers, even after Plaintiff asked Mr. Redfern to address matters in a more professional manner.

15. Mr. Redfern would write Plaintiff up for non-offenses, such as when Plaintiff clocked

in "too early" to work.

16. On March 19, 2020, Plaintiff was at work when she felt discomfort due to menstrual cramping. At this time, Plaintiff told Mr. Redfern she didn't feel well due to side effects of her "drugs." (Plaintiff had taken Tylenol and Midol.)

17. Mr. Redfern took the word "drugs" and seized the opportunity to further humiliate Plaintiff by accusing her being high on illicit drugs.

18. When Plaintiff explained to Mr. Redfern that she had taken Tylenol and Midol for her menstrual cramping, Mr. Redfern accused Plaintiff of lying, required Plaintiff to clock out, and told Plaintiff that she must provide documentation that she was on her period.

19. That same day on March 19, 2021, Plaintiff went to her doctor's office, where she asked for documentation that she was menstruating for verification purposes to her employer.

20. Plaintiff's medical provider was offended by Defendant's request to authenticate Plaintiff's menstrual cycle.

21. Plaintiff's medical professional refused to provide documentation to Defendant.

22. That same day on March, 19, 2021, Plaintiff relayed to Defendant that her medical provider was unwilling to provide her with a doctor's note authenticating her menstrual cycle.

23. Upon hearing that Plaintiff's doctor would not provide Defendant with a doctor's note authenticating Plaintiff's menstrual cycle, Defendant still refused to allow Plaintiff to return to work. Instead, Defendant told Plaintiff that she was required to submit to a drug test.

24. That same day on March 19, 2021, Plaintiff submitted to a drug test, the results of which would not be available for a couple days.

25. Around March 22, 2021, Plaintiff's drug test came back as negative. Instead of dropping the matter, Defendant nonetheless still documented that Plaintiff was using drugs while working and did not call Plaintiff to inform her that she could return to work.

26. Plaintiff received no communication from Defendant's HR department that she could return to work; however, Plaintiff still showed up to work on Wednesday, March 24.

27. When Plaintiff returned to work, Mr. Redfern accused Plaintiff of skipping work on Monday and Tuesday of that week and told Plaintiff that she would be written up.

28. On April 15, 2021, Defendant terminated Plaintiff for pretextual reasons and in violation of Defendant's handbook.

## CAUSES

### I. Wrongful Termination

29. Plaintiff incorporates all prior allegations herein.

30. Defendant terminated Plaintiff without good cause and in violation of its own handbook.

31. Plaintiff has been injured.

### II. Emotional Distress and Punitive Damages

32. Plaintiff incorporates all prior allegations herein.

33. Defendant's actions were willful and egregious.

34. Plaintiff seeks emotional distress and punitive damages to maximum extent allowed by law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following:

A. A scheduling conference be set;

B. A jury trial be scheduled;

C. Judgment be entered in Plaintiff's favor for a sum to be determined;

D. Plaintiff be awarded her attorney's fees and costs; and

E. Any other relief this Court deems equitable and just.

DATED this **15** day of December 2021.

Nick LeTang
*Attorney for Plaintiff*