IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| AMANDA LUIKENS,<br><br>                    Plaintiff,<br><br>vs.<br><br>BMC WEST, LLC,<br><br>                    Defendant. | No. CV 22-03-H-SEH<br><br>**ORDER** |

Defendant removed this action by Notice of Removal on January 10, 2022.[1]

Diversity jurisdiction is claimed but not pleaded.[2]

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.][3]

It is fundamental that federal jurisdiction cannot be presumed. The diversity

---

[1] Doc. 1.

[2] Doc. 1 at 1.

[3] 28 U.S.C. § 1332 (a)(1) (2012).

statute requires complete diversity of citizenship between all plaintiffs and all defendants.[4] It is to be strictly construed.[5] A defendant removing a case from state to federal court has the burden of establishing federal jurisdiction.[6] Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.[7]

A limited liability company (LLC) which resembles both a partnership and a corporation, is treated as "a partnership for the purposes of diversity jurisdiction."[8] An LLC is a citizen of every state of which its owners/members are citizens."[9] The citizenship of each individual member of BMC West is not alleged. It is impossible for the Court to determine whether complete diversity exists.

Fed. R. Civ. P. 12(h)(3) and applicable case law provide that "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after

---

[4] 15 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 102.12, at 102-28 (3d ed. 2016).

[5] *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 77 (1941) (citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

[6] *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

[7] *Id.*

[8] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

[9] *Id.*

trial and the entry of judgment."[10]

ORDERED:

This case will be remanded to state court on February 11, 2022, unless Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 11th day of January, 2022.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

---

[10] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)(citation omitted).